UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOUNGHUN KIM,

                        Petitioner,                    Case No. C26-1992-SKV

        v.

MARKWAYNE MULLIN, *et al.*,                  ORDER DENYING PETITON FOR
                                             WRIT OF HABEAS CORPUS

                        Respondents.

Petitioner Younghun Kim is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging an immigration judge's ("IJ") May 12, 2026, denial of bond and his continued detention. Dkt. 1.  Respondents filed a timely return to the petition (Dkt. 7), together with the declarations of ICE Deportation Officer ("DO") Christopher Hubbard (Dkt. 8) ("Hubbard Decl."), and Respondents' counsel Michelle R. Lambert (Dkt. 9) ("Lambert Decl.").  Petitioner has filed a traverse in reply. (Dkt. 12.)  This matter is now ripe for review.

The Court, having reviewed the parties' submissions and the governing law, DENIES the petition for the reasons set forth below.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 1

## I.    BACKGROUND

Petitioner is a native and citizen of South Korea who entered the United States on August 22, 2014, on a F-1 student visa.  Dkt. 1, ¶¶ 1, 24, 25; Hubbard Decl., ¶ 4.  Petitioner maintained lawful status during his studies and later worked pursuant to Optional Practical Training until that authorization expired.  Dkt. 1, ¶¶ 1, 26.  His F-1 status terminated on July 4, 2017.  Hubbard Decl., ¶ 5.  Despite the termination of his F-1 status, Petitioner remained in the United States, obtained a business license, and worked in the construction industry.  *Id.*; Dkt. 1, ¶ 27.

On December 10, 2025, officers with ICE's Office of Enforcement and Removal Operations ("ERO") took Petitioner into custody after it was determined that he did not have legal status to be in the United States.  Dkt. 1, ¶ 28; Hubbard Decl., ¶ 6.  On that same date, Petitioner signed a document agreeing to voluntarily depart the United States.  Hubbard Decl., ¶ 7.  The following day, December 11, 2025, Petitioner told ERO he would like to withdraw his voluntary departure request and see an IJ instead.  *Id.*  Petitioner was thereafter served with a Notice to Appear ("NTA") placing him removal proceedings and charging him as removable under Section 237(a)(1)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(C)(i), for failure to maintain conditions of his nonimmigrant status under which he was admitted to the United States.  Hubbard Decl., ¶ 8.

On January 13, 2026, Petitioner, through his prior counsel, filed a motion with the immigration court requesting voluntary departure.  Dkt. 1, ¶ 30; Hubbard Decl., ¶ 9.  On January 15, 2026, an IJ granted voluntary departure "under safeguards" with an alternative order of removal to South Korea.  Dkt. 1, ¶ 31; Hubbard Decl., ¶ 10.  Petitioner was directed to depart the United States before February 17, 2026, and both parties waived appeal.  Hubbard Decl, ¶ 10.  However, on February 11, 2026, Petitioner, through new counsel, filed an appeal with the Board

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 2

of Immigration Appeals ("BIA") challenging the validity of the voluntary departure proceedings. Dkt. 1, ¶ 32; Hubbard Decl., ¶ 11.  Petitioner's appeal was summarily dismissed by the BIA on April 16, 2026, based on Petitioner's waiver of his appeal before the IJ.  *See* Dkt. 1, ¶ 38; Hubbard Decl., ¶ 13; Lambert Decl., Exs. A, D.

Petitioner thereafter filed a petition for review and motion for stay of removal with the United States Court of Appeals for the Ninth Circuit, both of which remain pending at this time, though a temporary stay is currently in effect.  *See Young Hun Kim v. Blanche*, No. 26-2869 (9th Cir. filed May 5, 2026), Dkts. 1, 2, 4.  Petitioner argues in his petition for review, that the alleged waiver of appeal before the IJ was not knowing, voluntary, and intelligent as required by due process.  *See id.*, Dkt. 1; Dkt. 1, ¶ 39.

On March 10, 2026, while Petitioner's appeal of the IJ's voluntary departure order was pending before the BIA, Petitioner filed a petition for writ of habeas corpus with this Court challenging his continued detention by ICE.  *See Younghun Kim v. Kristi Noem*, No. C26-805-SKV, Dkt. 1.  That petition was denied on April 8, 2026, based on Petitioner's failure to exhaust his administrative remedies.  *Id.*, Dkt. 10.

On May 6, 2026, Petitioner filed a bond request with the immigration court, and on May 12, 2026, Petitioner received a custody redetermination hearing at which he was represented by counsel.  Dkt. 1, ¶ 35; Hubbard Decl., ¶ 15.  The IJ denied Petitioner's request for bond, finding that the immigration court lacked jurisdiction because Petitioner was subject to a final order of removal and, alternatively, finding that Petitioner failed to establish he was not a flight risk. Hubbard Decl., ¶ 15; Lambert Decl., Ex. E.  The IJ issued a standard, check-box order memorializing that decision.  *Id*., Ex. E.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 3

On June 8, 2026, shortly before the June 11, 2026, deadline for Petitioner to appeal the IJ's decision to the BIA, he filed the instant habeas action challenging his bond hearing as constitutionally inadequate.  Petitioner never appealed the IJ's custody decision to the BIA despite repeatedly expressing an intent to do so in his petition.  *See* Dkt. 1, ¶¶ 36, 54, 73, 74, 79; Hubbard Decl., ¶ 15.

## II.   LEGAL STANDARDS

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026).  Habeas petitioners must prove by the preponderance of the evidence that they are entitled to habeas relief.  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (citation omitted).

## III.   DISCUSSION

Petitioner asserts a single ground for relief in his petition, *i.e.*, that Respondents have violated his Fifth Amendment right to procedural due process by continuing to detain him without adequate process.  *See* Dkt. 1 at 15-16.  There is no dispute that Petitioner is presently detained pursuant to 8 U.S.C. § 1226(a).  Section 1226(a) grants the government the discretionary authority to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the noncitizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory.  *See* 8 U.S.C. § 1226.  When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, which may include the setting of bond.  *See* 8 C.F.R. § 236.1(c)(8).  After the initial custody determination, the detainee may request a bond redetermination by an IJ.  8 C.F.R. § 236.1(d)(1).

At the bond redetermination hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  In making a bond decision under § 1226(a), an IJ must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."  *Id*.  An IJ may also consider any number of discretionary factors, including:  (1) whether the detainee has a fixed address in the United States; (2) the detainee's length of residence in the United States; (3) the detainee's family ties in the United States, and whether they may entitle the detainee to reside permanently in the United States in the future; (4) the detainee's employment history; (5) the detainee's record of appearance in court; (6) the detainee's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the detainee's history of immigration violations; (8) any attempts by the detainee to flee prosecution or otherwise escape authorities; and (9) the detainee's manner of entry to the United States.  *See id.*; *In re Guerra*, 24 I. & N. Dec. at 40.

If the IJ denies bond, the detainee may appeal to the BIA.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008); 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3)(i).  If the BIA affirms the IJ's decision, the detainee may seek habeas relief from the district court.  *See Singh v. Holder*, 638 F.3d 1196, 1200-03 (9th Cir. 2011); *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011); *Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004).  A noncitizen who remains detained following an IJ's initial bond redetermination may request a subsequent bond redetermination whenever the noncitizen's "circumstances have changed materially since the prior bond redetermination."  8 C.F.R. § 1003.19(e).

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 5

Petitioner asserts in his petition that his custody redetermination hearing before the IJ "failed to provide constitutionally adequate protection against the erroneous deprivation of liberty" because the IJ "relied heavily upon the existence of a purported final order of removal even though the validity of that order remains the subject of active federal appellate litigation." *Id.*, ¶ 5. He maintains that his "[c]ontinued detention based upon a disputed finality determination presents substantial constitutional concerns and significantly increases the risk of erroneous deprivation of liberty." *Id.*, ¶ 7.

Respondents acknowledge in their return that the IJ who presided over Petitioner's custody hearing incorrectly determined his removal order was final, despite the pendency of his petition for review before the Ninth Circuit, and thus, that the IJ's finding that she lacked jurisdiction was erroneous. Dkt. 7 at 6. Respondents argue, however, that the IJ's alternative finding that Petitioner had not established he was not a flight risk provided a valid basis for the denial of bond separate from the erroneous jurisdictional determination. *See id*. at 6-8. Respondents go on to argue that Petitioner's petition should be denied because he failed to administratively appeal the IJ's denial of bond to the BIA, and he fails to demonstrate that exhaustion should be excused. *See* Dkt. 7 at 8-12. On the facts presented here, the Court agrees that Petitioner's failure to exhaust administrative remedies is dispositive of this action.

Exhaustion here is a prudential, rather than jurisdictional, requirement. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion where: (1) agency expertise is necessary to build a proper record; (2) waiving the requirement would encourage bypassing the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes, obviating the need for judicial intervention. *Id*. (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). If a court determines that an

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 6

immigration detainee has failed to exhaust administrative remedies as a prudential matter, it should either dismiss the matter without prejudice or stay the case to permit exhaustion. *Id.*

However, even if these factors weigh in favor of prudential exhaustion, the Court may waive the requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) (petitioner "must show that at least one of the *Laing* factors applies in order to excuse exhaustion"), and *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (declining to waive exhaustion requirement because petitioner has not "demonstrated grounds for excusing [them]")).

The facts of this case weigh strongly in favor of requiring exhaustion. First, initiating an appeal was necessary to develop the record, to clarify the IJ's reasoning, and for the parties and the Court to discern whether any constitutional error or harm occurred. Petitioner argues that the IJ's bond decision was based on the erroneous legal premise that he was subject to a final order of removal, as reflected in the IJ's finding that the immigration court lacked jurisdiction, and he maintains that the IJ's alternative flight risk finding cannot stand because it was based on the same erroneous premise. *See* Dkt. 12 at 3. However, Respondents submitted with their return an audio recording of the custody redetermination hearing which calls into question Petitioner's suggestion that the erroneous jurisdictional finding tainted the alternative flight risk finding. A written decision by the IJ, which would have been produced had Petitioner appealed the decision

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 7

to the BIA, likely would have clarified this point and illuminated Petitioner's due process claim. Without having exhausted his claim, Petitioner is not equipped to press it, and the Court is not positioned to decide it. *See, e.g.*, *Zuo v. Hermosillo*, 2026 WL 809882, at *1 (W.D. Wash. Mar. 24, 2026).

Second, if any error occurred, it appears limited to the conduct of Petitioner's specific bond hearing such that resolution of his claim would not settle a recurring legal question or reduce the number of future habeas filings. *See Martinez v. Scott*, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025) ("Because of the fact-intensive inquiry involved in reviewing individual bond determinations, federal judicial resolution of this case would resolve the question of whether Petitioner—and Petitioner alone—is entitled to bond as a matter of constitutional law."). Instead, allowing Petitioner to bypass agency review, as he has now attempted to do on two occasions, would encourage others to do the same if they deem federal court a preferable forum. *See id.*

Finally, the BIA has authority to correct erroneous factual determinations and legal errors, including those "with constitutional implications." *Aden*, 2019 WL 5802013, at *1 (citing *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir. 1995) and *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003)); *see* 8 C.F.R. § 1003.1(d)(3)(i)–(ii). There is no indication here that, given the opportunity, the BIA would not correct any alleged mistakes by the IJ and thereby obviate the need for judicial intervention.

Waiving the exhaustion requirement is not appropriate here. Petitioner argues that an appeal to the BIA would be futile because: (1) an appeal cannot meaningfully address a jurisdictional ruling the government already concedes was wrong; (2) the BIA cannot be

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 8

expected to reverse a finality determination it previously made in rejecting Petitioner's appeal of his removal order; and (3) the constitutional nature of the claim places it outside the scope of what a BIA appeal can resolve. *See* Dkt. 12 at 8-9. None of these arguments are persuasive.

First, an appeal would permit the BIA to determine whether the IJ's erroneous jurisdictional ruling improperly influenced the IJ's finding of flight risk. Second, the BIA's previous ruling that Petitioner's removal order was administratively final was rendered in a different context and, obviously, prior to Petitioner having filed a petition for review with the Ninth Circuit. There is no reason to believe the BIA could not appropriately address the jurisdictional issue in light of the current posture of Petitioner's removal proceedings. Finally, the fact that Petitioner has couched his claim as one implicating constitutional concerns does not render BIA review futile. As other courts in this District have recognized "[t]he Ninth Circuit distinguishes between constitutional claims that only an Article III court can resolve and issues with constitutional implications that may nonetheless be corrected by the BIA on appeal." *Zou*, 2026 WL 809882, at *1 (quoting *Aiden*, 2019 WL 5802013, at * 1). Petitioner's claim falls within the latter category and, thus, is subject to prudential exhaustion. *See id.*

Petitioner also argues that he has suffered, and will continue to suffer, irreparable injury as a result of his ongoing, and now prolonged, detention absent intervention by this Court. Dkt. 1 at 16. However, Petitioner "cites no authority for the position that detention following a bond hearing constitutes irreparable harm sufficient to waive the exhaustion requirement." *Aden*, 2019 WL 5802013, at *3; *see, e.g.*, *Zuo*, 2026 WL 809882, at *2 (finding a petitioner had not shown irreparable harm sufficient to waive exhaustion requirements by only invoking the time necessary to resolve a bond appeal); *Martinez*, 2025 WL 2689844, at *6 (finding no showing of irreparable harm where a petitioner had a bond hearing less than two weeks before filing a

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 9

habeas petition and distinguishing cases where petitioners presented evidence of individualized harm); *Hilario Pankim v. Barr*, 2020 WL 2542022, at *7 (N.D. Cal. May 19, 2020) (rejecting argument that continued detention constituted irreparable harm because it "begs the constitutional questions presented in his petition by assuming that petitioner has suffered a constitutional injury.")

## IV.   CONCLUSION

Based on the foregoing, this Court ORDERS as follows:

(1)   Petitioner's petition for writ of habeas corpus (Dkt. 1) is DENIED and this action is DISMISSED without prejudice for failure of Petitioner to exhaust his administrative remedies.

(2)   The Clerk shall send copies of this Order to all counsel of record.

DATED this 30th day of July, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 10